[Civ. No. 1934.  First Appellate District.—December 11, 1916.]

BEN LEVI, Respondent, v. JOSEPH SOCKOLOV,
Appellant.

VENDOR AND PURCHASER—RECOVERY OF MONEY PAID ON LOT—FAILURE
TO COMPLETE BUILDING IN WORKMANLIKE MANNER—PLEADING—
DEFECTS IN CONSTRUCTION—SUFFICIENCY OF COMPLAINT.—In an
action to recover a sum of money paid on account of the purchase
price of a lot, on the ground that the defendant had failed to con-
struct and complete the building which was in course of construc-
tion on the lot at the time the money was paid, in a workmanlike
manner and in accordance with his agreement, it is not neces-
sary for the complaint to set forth in detail all of the defects
in the work of construction, but it is sufficient to call attention
to the chief objections thereto.

ID.—RECOVERY OF MONEYS EXPENDED—SUFFICIENCY OF COMPLAINT.—
A complaint drawn in conformity with the common count for
moneys expended for the use and benefit of another is not subject to
special demurrer for failure to allege the expenditures in detail, as
the same are obtainable through a demand for a bill of particulars.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.  George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

G. Gunzendorfer, for Appellant.

Wal J. Tuska, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
plaintiff's favor and from an order denying the defendant's
motion for a new trial.

The action was brought to recover the sum of $1,563
alleged to have been paid by the plaintiff upon the pur-
chase price of a lot upon which there was at the time a
building in course of construction, the defendant agreeing
to complete the construction of said building in a workman-
like manner, and to deliver the same to the plaintiff free
and clear of encumbrances with the exception of an ex-
isting mortgage for fifteen thousand dollars, the plaintiff
agreeing to take the premises when so completed and to pay

the sum of twenty-nine thousand dollars as the whole purchase price thereof. The plaintiff avers that the defendant violated this agreement by his failure to construct and complete the building in a workmanlike manner or in accordance with the contract, and he therefore prays to recover the sum paid on account of the purchase price. There is also a second count in the complaint wherein the plaintiff seeks to recover the sum of $407 alleged to have been laid out and expended for the defendant's use and benefit.

The first contention of the appellant is that the court should have sustained his demurrers to both counts of the complaint. As to the first alleged cause of action the appellant appears to concede that it might be sufficient as against the assault of his general demurrer; but urges that his special demurrer to that count should have been sustained. The complaint in that count set out the contract between the parties *in haec verba,* and proceeded to allege that the defendant had breached the same by not completing the building in a workmanlike manner. He then proceeded to set forth in detail a number of specific defects in the work of construction. The defendant's objection seems to be that the plaintiff did not go further in evidentiary matter in support of his general averment that the structure was not completed in a workmanlike manner; but we think that the pleader was not required to set forth all of the evidence in his complaint, but only to call attention to his chief objections to the work, and hence that the complaint herein was sufficiently specific to inform the defendant as to the nature of the plaintiff's demand.

As to the second count in the complaint, the latter appears to have been drawn in conformity with the common count for moneys expended for the use and benefit of another. The details of the alleged expenditures were obtainable by the defendant through a demand for a bill of particulars, but could not be properly required by means of a special demurrer. Counsel for appellant cites no authority in support of his contention, and the court finds no merit in it.

The next contention of the defendant is that the evidence is insufficient to sustain the findings of the court in respect to the proper completion of the building; but in regard to the matters of construction in which the building was sought to be proven defective, we find that the evidence is so clearly

and radically conflicting as to render it perfectly plain that the judgment cannot be disturbed upon that ground.

In addition to his objection to the sufficiency of the evidence, the appellant's voluminous brief directs our attention to sixty-eight or more specific exceptions taken by him to the rulings of the court in the admission or rejection of evidence. We have patiently examined them all, and do not find that any one of them was either vital or supported by authority. They will therefore be disregarded upon this appeal as not sufficiently important to justify a reversal of the case. The fact is that the whole gravamen of the appeal rests in the appellant's claim that the evidence does not support the findings in the case; and this, in view of its radical conflicts, we decline to review.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1917.